UNITED STATES *v.* WING CHONG LUNG CO., YING CHONG LUNG CO., KWAN YUEN & CO., EASTERN GROCERY CO., KWONG DACK WO CO. (No. 4464) [1]

United States Court of Customs and Patent Appeals, May 24, 1945

*Paul P. Rao*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

*Lawrence A. Harper* for appellees.

[Oral argument April 12, 1945, by Mr. Weeks; submitted on brief by appellees]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The Government has appealed from a judgment of the United States Customs Court, Third Division, sustaining seven protests by five importers claiming that the duty on certain salted turnips at the rate of 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930 as assessed by the Collector of Customs was improper, and that the merchandise was properly dutiable at 12½ cents per 100 pounds under paragraph 773 as modified by the trade agreements with Canada, T. D. 48033 and T. D. 49752.

The pertinent portion of paragraph 775 is as follows:

PAR. 775. Vegetables * * *, if cut, sliced, or otherwise reduced in size, * * *, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for; * * * 35 per centum ad valorem; * * *.

---

[1] C. A. D. 312.

The paragraph under which the merchandise was claimed to be dutiable by the appellees reads as follows:

PAR. 773. Turnips and rutabagas, 25 cents per one hundred pounds.

The rate in the latter paragraph was reduced by the trade agreements with Canada to 12½ cents per 100 pounds.

At the trial a sample similar to the involved merchandise, consisting of a number of wrapped and dried brown objects having a diameter of about 1¼ to 2 inches, in a glass jar, was received in evidence. Each object consists of a dried vegetable substance wrapped around with narrow vegetable strips. The record discloses that the imported goods consist of turnips which have been sliced, dried, salted, and packed. There is no dispute concerning the facts, or that the merchandise is turnips preserved by salt.

The trial court, relying principally on the case of *Nootka Packing Co. et al.* v. *United States*, 22 C. C. P. A. (Customs) 464, T. D. 47464, held that, since turnips are provided for without terms of limitation in paragraph 773, the merchandise was properly dutiable thereunder as modified by the said trade agreements. The trial court stated that there was apparently no legislative intent, judicial decision, or administrative practice to a contrary holding, or proof of commercial designation.

The Government moved for a rehearing, calling to the court's attention legislative history to sustain its contention that Congress intended the involved merchandise to be classified as was done by the collector. The motion was denied.

The question presented for decision here is whether or not the merchandise is dutiable under the *eo nomine* provision for turnips or as "Vegetables * * *, if cut, sliced, or otherwise reduced in size, * * *, or packed in salt, brine, oil, or prepared or preserved in any other way and not specially provided for."

Apparently the trial court was of opinion that the expression "and not specially provided for" modifies "Vegetables" in paragraph 775. Otherwise it could not have held that the provision for turnips in paragraph 773 was an *eo nomine* provision for the imported merchandise.

A reading of paragraph 775 does not admit of the construction placed thereon by the trial court. It clearly and unequivocally states that vegetables in the form and condition described and not specially provided for are to be dutiable at the rate of 35 per centum ad valorem.

The imported merchandise is "cut," "sliced," "reduced in size," and "prepared or preserved" by means of salt, and therefore falls clearly within the provision of that paragraph unless a contrary legislative intent can be shown.

We do not deem it necessary to discuss or distinguish the cases relied on by the trial court and cited by the parties. It is in effect agreed, and properly so, that if a legislative intent is shown to include the imported merchandise within the scope of paragraph 775 it should be there classified. In our opinion such intent has been shown.

In the Summary of Tariff Information, 1929, page 1445, in which the Committee on Ways and Means of the House of Representatives was informed concerning paragraph 773 of the Tariff Act of 1922, the predecessor of paragraph 775 of the present tariff act and substantially identical thereto, it was stated that the paragraph included "All prepared or preserved vegetables not elsewhere provided for." On page 1451 of the same publication, with reference to the same paragraph, turnips are included among the dried and desiccated vegetables produced in the United States. Drying and desiccating are means of preservation, and therefore it is clear to us that the intent of Congress was, as is contended by the Government, that all vegetables in the condition described in paragraph 775, if not specially provided for as such, clearly come within its scope. The same volume of Tariff Information, page 1438, with respect to paragraph 771 of the Tariff Act of 1922, the predecessor of paragraph 773 of the Tariff Act of 1930, discusses the provision for turnips. This was the first provision for an *eo nomine* designation of turnips. During the life of the tariff act of 1913 they probably would have been classifiable as "Vegetables in their natural state, not specially provided for * * *." In describing the turnip and its uses, on page 1438 aforesaid, the summary states that there are two types, the white or yellow turnips cultivated in the United States and the rutabaga or Swedish turnip. "The latter is larger and has a firmer and richer flesh than the ordinary turnip. Because of its better keeping qualities it is more readily stored for winter use." Thus, we are of opinion that the turnips and rutabagas set forth in paragraph 773 are meant to be turnips in their natural state.

Since it is clear to us that Congress in enacting said paragraph 773 intended to cover turnips in their natural state, and that in said paragraph 775 intended to cover all vegetables in the form or condition there described and not specially provided for, the judgment of the Customs Court must be reversed.

The judgment appealed from is *reversed*.